UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JACQUELINE CADDICK,<br><br>        Plaintiff,<br><br>    -against-<br><br>PERSONNEL CO. I, LLC, and GAIL GOLDEN ICAHN,<br><br>        Defendants. | Index No. 1:16-cv-07326-ALC |

### DEFENDANTS' SUPPLEMENTAL BRIEF IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

Eli Z. Freedberg
Ivie A. Guobadia
LITTLER MENDELSON, P.C.
900 Third Avenue
New York, NY  10022.3298
212.583.9600

*Attorneys for Defendants*

-i-

## TABLE OF CONTENTS

**PAGE**

BACKGROUND ............................................................................................................................. 1

ARGUMENT .................................................................................................................................. 2

CONCLUSION ............................................................................................................................... 5

## TABLE OF AUTHORITIES

**P**AGE(S)

**Cases**

*Friedman v. Columbia Univ.*,
    No. 12-cv-9275, 2014 U.S. Dist. LEXIS 33751 (S.D.N.Y. Mar. 13, 2014) .............................. 3

*Harrison v. New York City Off-Track Betting Corp.*,
    107 F. Supp. 2d 455 (S.D.N.Y. 2000) .................................................................................... 3

*Illie-Stout v. Barrier Free Living, Inc.*,
    No. 08-cv-6388, 2009 U.S. Dist. LEXIS 1986 (S.D.N.Y. Jan. 12, 2009) ............................... 3

*Long v. AT & T Info. Sys., Inc.*,
    733 F. Supp. 188 (S.D.N.Y. 1990) .......................................................................................... 4

*Moodie v. Federal Reserve Bank*,
    58 F.3d 879 (2d Cir.1995) ....................................................................................................... 2

*Pan American World Airways, Inc. v. N.Y.S Human Rights Appeal Bd.*,
    61 N.Y.2d 542 (1984) ............................................................................................................. 3

*Stanley v. Guardian Sec. Services, Inc.*,
    800 F.Supp.2d 550 (S.D.N.Y., 2011) ...................................................................................... 5

*York v. Ass'n of Bar of City of New York*,
    286 F.3d 122 (2d Cir.2002) ................................................................................................ 2, 3

**Statutes**

N.Y. Exec. Law § 297(9) .............................................................................................................. 2

N.Y.C. Admin Code §8-502(a) ..................................................................................................... 3

Defendants Personnel Co. I, LLC ("Personnel") and Gail Icahn ("Mrs. Icahn") (collectively "Defendants") submit this Supplemental Memorandum of Law pursuant to the Court's February 8, 2018 Order (Dkt. No. 59), in further support of their Motion to Dismiss Plaintiff Jacqueline Caddick's ("Plaintiff" or "Ms. Caddick") Second Amended Complaint.

## BACKGROUND

In October of 2015, Plaintiff filed a charge of discrimination with the New York State Division of Human Rights ("NYSDHR"). Several months later, in April of 2016, the NYSDHR dismissed Plaintiff's charge of discrimination. Plaintiff never appealed the NYSDHR's dismissal with the New York State Supreme Court even though the notice of dismissal explicitly informed Plaintiff that she had the right to do so. Instead, Plaintiff filed the instant action in federal court in September of 2016.

About a year and a half after the NYSDHR issued its initial determination, the state agency, on its own initiative, issued an order to re-open Plaintiff's charge of discrimination pursuant to 9 N.Y.C.R.R. § 465.20(a), immediately vacated its prior determination, and issued a finding of No Probable Cause. Specifically, the NYSDHR found that:

> The Complainant merely alleged that her employer spoke to her in a demeaning manner, used foul language and blamed her for missing jewelry. However, none of this alleged conduct implied any discriminatory motion against the Complainant for any unidentified protected class to which she may have belonged. As such, the Complainant failed to allege any conduct from which discriminatory motion could be inferred.

The NYSDHR further found that the allegations in Plaintiff's complaint "do not support a claim for unlawful discrimination based on retaliation for opposing any practices forbidden under the Human Rights Law."

As a result of the NYSDHR's recent determinations, Defendants asked the Court for leave to supplement its motion to dismiss to argue that Plaintiff's discrimination claims based on

the New York State Human Rights Law and the New York City Human Rights Law must be dismissed pursuant to the election of remedies doctrine. In response, Plaintiff asked the Court to stay this action in its entirety.  Defendants opposed the request for a stay and the Court granted Defendants leave to supplement its motion to dismiss and denied Plaintiff's request for a stay. For the reasons below, Plaintiff's state and city based discrimination claims should be dismissed.

## ARGUMENT

In an attempt to save her complaint from dismissal, Plaintiff requests that this Court do what it statutorily has no authority to do – decide state and city law discrimination claims which were first filed with the State Division of Human Rights.  Plaintiff's allegations of malfeasance or dereliction of duty by the State Division of Human Rights is not enough to confer jurisdiction over her state and city law claims.  It is well-settled that if a litigant files a discrimination complaint with the NYSDHR, she may not bring a subsequent judicial action based on the same incident. *See York v. Ass'n of Bar of City of New York,* 286 F.3d 122, 127 (2d Cir.2002) (citing *Moodie v. Federal Reserve Bank,* 58 F.3d 879, 882 (2d Cir.1995)).  The election of remedies provision allows an individual to pursue a discrimination claim either administratively before the State Division or in a court action, but not both.

Specifically, the New York State Human Rights Law ("NYSHRL") provides, "[a]ny person claiming to be aggrieved by an unlawful discriminatory practice shall have a cause of action in any court of appropriate jurisdiction . . . <u>unless</u> such person had filed a complaint hereunder or with any local commission on human rights." N.Y. Exec. Law § 297(9) (emphasis added).  Likewise, the New York City Human Rights Law ("NYCHRL") provides that an individual "claiming to be aggrieved by an unlawful discriminatory practice . . . shall have a cause of action in any court of competent jurisdiction . . . <u>unless</u> such person has filed a complaint with the city commission on human rights <u>or with the state division of human rights</u>

with respect to such alleged unlawful discriminatory practice or act of discriminatory harassment or violence." N.Y.C. Admin Code §8-502(a) (emphasis added).   In other words, "[a] plaintiff must elect whether to seek a remedy under state and local law in the administrative agency or in court; [s]he cannot proceed in both forums." *Friedman v. Columbia Univ.,* No. 12-cv-9275, 2014 U.S. Dist. LEXIS 33751, *7 (S.D.N.Y. Mar. 13, 2014).  Where, as here, a plaintiff has already filed a complaint with an agency, she cannot litigate her NYSHRL or NYCHRL claims again in court, "unless (1) the agency has dismissed the complaint for administrative convenience; (2) there is untimeliness on the part of the agency; or (3) the claimant's election of an administrative remedy is annulled." *Harrison v. New York City Off-Track Betting Corp.*, 107 F. Supp. 2d 455, 457 (S.D.N.Y. 2000).  None of those three exceptions apply here.

Because Plaintiff elected to have her NYSHRL claims heard by the NYSDHR, and none of the three exceptions to the election of remedies doctrine apply here, she cannot now reassert the same NYSHRL and NYCHRL claims in federal court.  *See York v. Assoc. of the Bar*, 286 F.3d 122, 127 (2d Cir.), *cert. denied*, 537 U.S. 1089 (2002) ("NYSHRL . . .  claims, once brought before the NYSDHR, may not be brought again as a plenary action in another court"); *Illie-Stout v. Barrier Free Living, Inc.*, No. 08-cv-6388, 2009 U.S. Dist. LEXIS 1986, at *3-4 (S.D.N.Y. Jan. 12, 2009) (explaining that "plaintiff's claims under the NYSHRL and the NYCHRL are barred by the laws' election of remedies provisions because she has already litigated the claims before the Division of Human Rights."); *Pan American World Airways, Inc. v. N.Y.S Human Rights Appeal Bd.*, 61 N.Y.2d 542, 548 (1984) ("Generally, the remedies of administrative review through the Human Rights Division or judicial review are mutually exclusive.").

Plaintiff's only response to Defendants' election of remedies defense, is an assertion that the NYSDHR somehow engaged in some sort of misconduct during the course of its investigation into Plaintiff's claims. These vague and unsubstantiated allegations fail to overcome the fact that Plaintiff elected her remedies by filing her charge with the NYSDHR in the first place.

In a strikingly similar case, *Long v. AT & T Info. Sys., Inc.*, 733 F. Supp. 188, 199 (S.D.N.Y. 1990), the plaintiff, who originally filed discrimination claims with the NYSDHR, complained about the result reached by the NYSDHR and its process for handling his complaints. The *Long* plaintiff asserted his state discrimination claims in federal court and the defendants moved for summary judgment on the grounds that Plaintiff elected his remedies by having his New York State Human Rights Law claims heard by the NYSDHR. The court found that:

> Were this Court to entertain plaintiff's state-law claim, which plaintiff was instrumental in bringing before the State Division for the second time, plaintiff would have two opportunities to litigate the same claim with the possibility of inconsistent results. Clearly, this is inefficient, as well as unfair. As the State Division is already in the midst of dealing with the claim plaintiff took affirmative action to reopen, plaintiff's state-law claim is more appropriately resolved by the State Division and this Court declines to exercise pendent jurisdiction over it.

The same decision should be reached here. Like the plaintiff in *Long*, the Plaintiff here admits that she filed a charge to the NYSDHR and was dissatisfied with the NYSDHR's process in investigating and adjudicating her charge of discrimination. While the *Long* plaintiff wrote the governor, the Plaintiff here has allegedly filed claims with the Inspector General's office. As a result of both complaints, the NYSDHR decided to reopen the case. In both cases, Plaintiff clearly indicated her preference to pursue the New York State Human Rights Law claims

through the NYSDHR. As such, Plaintiff's NYSHRL and NYCHRL claims of discrimination and retaliation are waived by the election of remedies doctrine and should be dismissed.[1]

## CONCLUSION

For all the foregoing reasons and the reasons raised in Defendants Moving and Reply Memorandums of Law, Defendants respectfully request that the Court grants their Motion and dismiss Plaintiff's Second Amended Complaint, in its entirety, pursuant to Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure.

Date:   February 21, 2018
        New York, New York

*/s/ Eli Z. Freedberg*
Eli Z. Freedberg
Ivie A. Guobadia
LITTLER MENDELSON, P.C.
900 Third Avenue
New York, NY  10022.3298
212.583.9600

*Attorneys for Defendants*

---

[1] It must be noted that while Plaintiff cannot challenge the NYSDHR's rulings in a federal lawsuit she is not without recourse. She may seek judicial review by filing a petition for review in accordance with Section 298 of the NYSHRL.  *See Stanley v. Guardian Sec. Services, Inc.*, 800 F.Supp.2d 550, 556 (S.D.N.Y., 2011) ("if a litigant files a discrimination complaint with the [State Division], [ ]he may not bring a subsequent judicial action based on the same incident … [i]nstead, the dissatisfied litigant must appeal the decision of the State Division to the state Supreme Court").